IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAAL R. GRIFFIN, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 22-1795 |
| UPMC PRESBYTERIAN, UPMC ) POLICE SECURITY SERVICES, ) SWISSVALE P.D. and PA. PAROLE ) BOARD, ) | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Court dismiss Plaintiff's Complaint under the screening provisions of 28 U.S.C. § 1915.[1]

**II.  REPORT**

**A.  Relevant Procedural History**

Plaintiff Jamaal R. Griffin commenced this pro se *in forma pauperis* ("IFP") lawsuit alleging a variety of claims under Pennsylvania law, the Pennsylvania Constitution, and the United States Constitution.  Griffin was granted IFP status on February 1, 2023, (ECF No. 7), and his Complaint was docketed on February 1, 2023. (ECF No. 8.)

**B.  Relevant Factual Background**

Both the factual allegations and legal grounds in the Complaint are not entirely clear. (*See generally*, ECF No. 8.)  The summary below offers an attempt at organizing Griffin's

---

[1] *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

claims, but ultimately the Report and Recommendation recommending dismissal is based on the identity of the Defendants.

Griffin filed this action against the Pennsylvania State Parole Board, the Swissvale Police Department, UPMC-Presbyterian, and UPMC-Security Police Services, each in their "official capacity." (ECF No. 8 at 2–3.) Griffin appears to be alleging violations of the 1st, 4th, 5th, 6th and 14th Amendments of United States Constitution pursuant to 42 U.S.C. § 1983, violations of Article 1, Sections 9 and 26 of the Pennsylvania Constitution, as well as state law medical malpractice and malicious prosecution claims. (*Id.* at 3, 6.)

Griffin's claims appear to arise out of an incident when the "Swissvale Police came to 7536 Short St. in Swissvale." (*Id.* at 6.) He appears to have been transferred by ambulance after being hit in the head and alleges that "the Swissvale Police did not get into the ambulance when [he was] taken to UPMC-Presbyterian." (*Id.* at 4, 6.) He alleges that he was "sent to UPMC-Presbyterian hospital and they gave [him] medication that gave [him] problems breathing, and [he] did not know what was going on." (*Id.* at 5–6.) Griffin also alleges that he was given Narcan with known opiates in his system, "then some other medication that was a sedative that [a]ffected [his] thinking, that was causing [him] to have seizures." (*See id.* at 4–8.)

Griffin alleges that someone "called and said to detain" him after medication were given to him. (*Id.*) He also alleges that while under sedatives an officer stole his jacket. (*Id.* at 7–8.) Further, Griffin alleges that someone "hid[] the video footage I [have] been requesting in the case, which is a violation of ones right Rule 573 Discovery." (*Id.* at 4.) Finally, he alleges that UPMC-Police Security Services called the Pennsylvania State Parole requesting a warrant, and that it was falsely reported by Pennsylvania State Parole and the

Swissvale Police that there was a warrant for his arrest. (*Id.* at 4, 8.) Griffin provides medical records and police records, which offer some further specificity as to the events in question, but such details are not relevant to the resolution of this Report and Recommendation. (*See* ECF No. 8-1.)

### C. Legal Standard

Section 1915 requires courts to screen an IFP complaint and dismiss the action before the complaint is served if the complaint fails to state a claim or is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013)). In screening complaints under § 1915, courts utilize the same standard that is applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

A complaint is susceptible to dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed under Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Therefore, when screening a complaint, a court must determine whether it has subject matter jurisdiction over the

3

case. *Mowery v. Wetzel*, 1:19-CV-44, 2019 WL 2931672, at *1 (W.D. Pa. June 11, 2019), *report and recommendation adopted by*, 2019 WL 2929002 (W.D. Pa. July 8, 2019).

Federal courts are courts of limited jurisdiction "defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 142 S.Ct. 1310, 1315 (2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). District courts have jurisdiction over "two main kinds of cases," diversity cases and cases involving a federal question. *Id.* at 1315–16. Diversity cases are "suits between citizens of different States as to any matter valued at more than $75,000." *Id.* at 1316 (citing 28 U.S.C. § 1332(a)). Federal question cases are those that arise under federal law. *Id.* (citing 28 U.S.C. § 1331). "Typically, an action arises under federal law if that law 'creates the cause of action asserted.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)).

As Griffin is proceeding *pro se*, the Court construes his factual allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

**D. Discussion**

    **1.    The Pennsylvania Parole Board is Entitled to Eleventh Amendment Immunity**

"[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). Accordingly, the Court finds it appropriate to address the immunity bars under the Court's subject-matter jurisdiction analysis pursuant to Rule 12(h)(3).

The Eleventh Amendment protects States and their agencies and departments from suit in federal court. *See Pennhurst*, 465 U.S. at 100 ("[I]n the absence of consent a suit in which the

State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); *Estate of Logano v. Bergen Co. Prosecutor's Office*, 769 F.3d. 850, 857 (3d Cir. 2014) ("Sovereign immunity extends to state agencies and state officers, 'as long as the state is the real party in interest.'") (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989)).

Claims against Pennsylvania's State Parole Board are barred by the Eleventh Amendment. *Keller v. Pa. Bd. of Prob. & Parole*, 240 F. App'x 477, 479 (3d Cir. 2007) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) and *Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Auth.*, 103 F.3d 1165, 1172 (3d Cir. 1997)).

Further, the Pennsylvania State Parole Board does not fall under any of the three exceptions to Eleventh Amendment immunity—i.e., "(1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (citation omitted). First, Pennsylvania has not consented to waive its Eleventh Amendment immunity to being sued in federal court. 1 Pa. C.S. § 2310; 42 Pa. C.S. §§ 8521(b); *Chittister v. Department of Cmty. & Econ. Dev.*, 226 F.3d 223, 227 (3d Cir. 2000). Second, the Supreme Court has held that Section 1983 does not abrogate states' sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 339–46 (1979). Finally, Griffin alleges no claims for injunctive relief against the individual state officers. (ECF No. 8.)

Therefore, the Court recommends dismissing Griffin's § 1983 claim against the Pennsylvania State Parole Board in its official capacity pursuant to Eleventh Amendment immunity without prejudice.[2]

### 2.  The Swissvale Police Department Is Not a Person under § 1983

Griffin also asserts claims pursuant to 42 U.S.C. § 1983 against the Swissvale Police Department. (ECF No. 8 at 2.) Section 1983 provides a private citizen with the right to bring an action against any person who under color of state law deprives him of a right or privilege secured by the Constitution of the United States. 42 U.S.C. § 1983.

However, "a municipal police department is not a 'person' for purposes of § 1983." *Rodriguez v. Wawa Inc.*, 833 F. App'x 933, 934 (3d Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Therefore, the Court recommends dismissing Griffin's § 1983 claim against the Swissvale Police Department in its official capacity with prejudice.

### 3.  UPMC-Presbyterian and UPMC-Security Police Services Are Not Alleged to Be State Actors

Although Griffin asserts that he brings his claims against UPMC-Presbyterian and UPMC-Security Police Services, each in their "official capacity" (ECF No. 8 at 2–3), his Complaint contains no factual allegations regarding the status of either Defendant as a state actor within the meaning of § 1983.

---

[2] Courts have found that a dismissal based on Eleventh Amendment immunity is for lack of subject matter jurisdiction and is thus without prejudice (even though Griffin cannot reassert another claim for monetary relief against the Pennsylvania State Parole Board in this Court), *see Caiby v. Sorber*, 2:21-CV-5357, 2022 WL 2116829, at *2 (E.D. Pa. June 13, 2022) (citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182, 41 V.I. 502 (3d Cir. 1999)). However, the Third Circuit recently noted in the context of an Eleventh Amendment immunity dismissal without prejudice that "the Supreme Court has never decided that Eleventh Amendment immunity is a matter of subject-matter jurisdiction nor suggested that the immunity-from-liability defense could be jurisdictional." *Rancourt Little Mt. Woodell v. Wetzel*, 20-3235, 2022 WL 17424287, at *1 n.3 (3d Cir. Dec. 6, 2022).

Section 1983 does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a viable § 1983 claim, a plaintiff must plead "that []he was deprived of a federal constitutional or statutory right *by a state actor*." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added).

Generally, "[a]nyone whose conduct is 'fairly attributed to the State' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Conversely, "private actors do not act under color of state law [and] thus are not liable under Section 1983." *Gerhart v. Energy Transfer Partners, L.P.,* 2018 WL 6589586, at *9 (M.D. Pa. Dec. 14, 2018) (quoting *Luck v. Mount Airy #1, LLC,* 901 F.Supp.2d 547, 560 (M.D. Pa. 2012)).

Whether a private defendant is acting under color of state law depends on "whether there is 'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citing *Leshko v. Servis,* 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). To answer that question, the United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Id.* (internal quotations and alteration omitted).

Based on a review of the Complaint, Griffin brings claims against what appear to be private organizations, notably UPMC-Presbyterian (regarding the quality of his medical care) and UPMC-Security Police Services (regarding his stolen jacket and notification to the Pennsylvania State Parole Board).

Without any factual allegations supporting the assertion that either of these entities are state actors under any of the three tests, Griffin has failed to state a claim for which relief can be granted.  *See Jackson v. U.S. et al.*, 15-cv-153, 2018 WL 3209416, at *7 (W.D. Pa. Jan. 26, 2018), *report and recommendation adopted by*, 2018 WL 1406822 (W.D. Pa. Mar. 21, 2018) (recommending dismissal of plaintiff's § 1983 constitutional claim "on the basis of the nature of the claim alone," where plaintiff "is challenging the quality of care he received by a private entity," specifically UPMC Mercy); *Ollie v. Lubahn et al.*, 18-cv-72, 2018 WL 10231907, at *4 (W.D. Pa. Oct. 5, 2018), *report and recommendation adopted in relevant part by*, 2018 WL 10245776 (W.D. Pa. Nov. 9, 2018) (noting the amended complaint failed to cure defects, because plaintiff "has attempted to add two additional non-state actors as defendants: Saint Vincent Medical Center and UPMC Medical Center"); *Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *4 (E.D. Pa. Sep. 17, 2014) (rejecting plaintiff's argument that simply because the "[h]ospital provides security services,"  the hospital security director was state actor and finding that "[p]rivate security guards who lack statutory police power [] are not state actors.").

Thus, it is respectfully recommended that the § 1983 against UPMC-Presbyterian and UPMC-Security Police Services be dismissed.

### 4. No Extraordinary Circumstances Justify the Exercise of Supplemental Jurisdiction

Griffin's Complaint also attempts to assert various claims under the Pennsylvania Constitution and state law claims of medical malpractice and malicious prosecution.  (*See* ECF

No. 8 at 3, 6.) "A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction." *Patel v. Meridian Health Sys.*, 666 F. App'x 133 (3d Cir. 2016) (internal citations and quotations omitted); *see* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction."); *Byrd v. Shannon*, 715 F.3d 117, 128 (3d Cir. 2014) (affirming dismissal of state law claims where district court dismissed all of the plaintiff's federal claims).

Because there are no extraordinary circumstances in this case which would warrant the exercise of supplemental jurisdiction, it is recommended that Plaintiff's pendent state law claims be dismissed without prejudice.

### E. Futility of Amendment

When dismissing a civil rights case for failure to state a claim, a court must give a plaintiff the opportunity to amend a deficient complaint, regardless of whether the plaintiff requests to do so, unless doing so would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citation omitted).

Here, Griffin's claims against the Pennsylvania State Parole Board its official capacity are clearly barred pursuant to Eleventh Amendment immunity and thus any further claim would be futile. *Farrow v. PA Dep't of Educ.*, 2:16-CV-01360, 2016 WL 7647629, at *3 (W.D. Pa. Dec. 14, 2016), *report and recommendation adopted*, 2017 WL 65839 (W.D. Pa. Jan. 5, 2017).

Further, amendment of Griffin's claims against the Swissvale Police Department in its official capacity would be futile because the Swissvale Police Department is not a person under § 1983. *Rodriguez v. Wawa Inc.*, 833 F. App'x 933, 934 (3d Cir. 2021).

With respect to Plaintiff's claims against UPMC-Presbyterian and UPMC-Security Police Services, because Griffin may be able to provide factual allegations regarding each of these Defendant's status as a state actor, it is respectfully recommended that he be granted leave

### F. Conclusion

Based on the foregoing, it is respectfully recommended that the Court dismiss Griffin's Complaint under the screening provisions of 28 U.S.C. § 1915 and only grant Griffin leave to amend his claims against UPMC-Presbyterian and UPMC-Security Police Services.

### G. Notice

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F. 3d 187, 193 n.7 (3d Cir. 2011).

Dated: February 1, 2023　　　　　　　　　　　　　s/ Patricia L Dodge
　　　　　　　　　　　　　　　　　　　　　　　　PATRICIA L. DODGE
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge