# THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMAAL R. GRIFFIN

VS.

UPMC-PRESBYTERIAN
UPMC-POLICE SECURITY,
Lt. GLENN BRUNELLE

CIVIL ACTION NO: 22-1795
2:22-CV-01795-PLD

FILED
FEB 24 2023
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## MOTION AMENDED CLAIM

1.) Plaintiff Points out the Claim Negligent Tort with the UPMC-Presbyterian, Relevant HISTORY show's Plaintiff had a level 2 Trauma, that was upgraded to a level 1 Trauma, facial fracture, that Altered level of consciousness, THE Plaintiff had to be Inutabated, from the different medications the UPMC-Presbyterian Hosiptal gave him. They also failed call the UPMC-Police Security to assist them, As the plaintiff was having altered systems.

2.) Plaintiff Claim for the UPMC-Police Security the stolen Jacket, The point in them not knowing the medical issues, the plantiff, was having issues that was caused by the UPMC-Presbyterian Hospitals treatment.. Exhits... of records showing there was Blood tooking and "NO" Opiates was in my system But the Sedatives the UPMC-Presbyterian Hospital gave

3) Plaintiff argues that the Allegheny County District Attorney Klye. Fitzpatrick, requested the plaintiff to take a Plea arguement of two years probation, Because the UPMC-Police Security Service, had Know Probable Cause to stop the Plaintiff at the UPMC-Presbyterian Hosiptal, making the conviction legal, with the abuse of authority of Lt. Glenn Brunelle, requesting the Swissvale P.D. file a Bench Warrant in the Plaintiff name. On the Date of 12/9/2020 to coinside with the Date the Criminal Complaint was filed on the Date of 12/10/2020, Docket entery MJ-05208-0000323-2020.

4) Plaintiff argues that Lt. Glenn Brunelle feulsely reported that the Swissvale P.D. was at the UPMC-Presbyterian Hospital then left, which is fruad towards the court, No arrest warrant was issued, But a Bench warrant for 05208--BW-0002281-2020 A Bench Warrant without a hearing Date or arrest warrant By Magisterial District Judge Thomas P. Caulfeild, from Forest Hills Plaza, Suit 100 21 Yost Blvd, Pittsburgh, PA 15221. Exhibit(E)

5) Plaintiff shows he was arrested on the Date of 12/9/2020 and sent to SCI-Greene, the illegal arrest Violated his Due Process right, and was malious, Under the 5th Amendment And 6th Amend, Protected by the 14th Amendment.

6.) Plaintiff shows with records of facts, That the UPMC-Police Security Service committed Fraud, towards Common Pleas Courts.

1) Plaintiff pointed this out, to Public Defender Ms. Bryan-Henderson, from the Allegheny County Public Defenders Office.   Exhibit (L)

2) Plaintiff shows the records and medical reports, shows the plaintiff had surgery, On his face, And was giving medications, That the UPMC-Presbyterian, in there own reports, was Questioning if they had over sedate the Plaintiff.

7.) Plaintiff argues that the UPMC-Police Security Service Delayed, the arrest against the Plaintiff, to have, time for the Swissvale P.D. to file a Bench Warrant. On the Date 12/10/2020, And when the UPMC-Police Security Service, done this, and arrested me without Probable Cause, they violated, Plaintiff 4th Amendment. 5th Amen 3th, 14th

8.) Plaintiff (1) Request this Honorable to all parties in this case, to make a Declaration statement, Thats not (1) an intentional fraud, (2) two a Officer of the court; (3) Which is directed at the court itself; (4) In fact deceives the court.

11.) Plaintiff agrues for permission to fix the complaint by filing this Motion to Amend, Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) The law Library is restricted Here at SCI-Fayette once a Week.

12.) Plaintiff can show Fraud upon the UPMC-Police Security Service, UNITED STATES COURT OF APPEAL FOR THE THIRD CIRCUIT 424 F.3d 384; 2005 U.S. App. LEXIS 20308; 68 Fed. R. Evid. Serv. (Callaghan) 386; 33 Media L. Rep. 2313 No. 04-4270 July 15, 2005, Argued September 22, 2005, filed.

13.) Plaintiff point out under Civ. P. 60(b), fabrication of evidence by the defendant, is egregious.

Respectfully
Submitted By
Jamaal R. Griffin