## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMAAL R. GRIFFIN          )
                             )
             Plaintiff,        )
                             )
             v.                )        Civil Action No. 22-1795
                             )
UPMC PRESBYTERIAN, UPMC   )
POLICE SECURITY SERVICES,  et  )
al.                             )
                             )
             Defendants.     )

### REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

It is respectfully recommended that the Court dismiss Plaintiff's Amended Complaint under the screening provisions of 28 U.S.C. § 1915.[1] ("Section 1915").

**II.**     **REPORT**

### A.  Relevant Procedural History

Plaintiff Jamaal R. Griffin commenced this pro se *in forma pauperis* ("IFP") lawsuit alleging a variety of claims under Pennsylvania law, the Pennsylvania Constitution, and the United States Constitution. Plaintiff was granted IFP status on February 1, 2023 (ECF No. 7), and his Complaint was docketed. (ECF No. 8.) The Complaint named four defendants: UPMC-Presbyterian, UPMC-Security Police Service, the Swissvale Police Department and the Pennsylvania State Parole Board. (*Id.*) That same day, this court issued a Report and Recommendation recommending dismissal of his Complaint against the Swissvale Police

---

[1] *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Department and the Pennsylvania State Parole Board under the screening provisions of 28 U.S.C. § 1915. (ECF No. 9.)  The Report and Recommendation also recommended Plaintiff be granted leave to amend his claims against UPMC-Presbyterian and UPMC -Security Police Services (*Id.*) Judge Cercone adopted the Report and Recommendation as the opinion of the court in an Order dated May 18, 2023 and granted Plaintiff leave until June 16, 2023 to file an Amended Complaint seeking to cure the deficiencies highlighted in the Report and Recommendation, which included stating specific claims against UPMC-Presbyterian and UPMC-Police Security Services.  The Order also stated that a failure to cure such deficiencies will result in the dismissal of the action.  (ECF No. 25.)

This court later extended the date to file an Amended Complaint in an Order dated June 13, 2023 (ECF No. 32.)  Plaintiff filed what he captioned a "Motion for Leave to File Amend Complaint" on June 22, 2023 (ECF No. 36) which was denied without prejudice by the Court on June 30, 2023. (ECF No. 38.)  In the Order denying such motion without prejudice, the Court noted that Plaintiff's motion did not appear to identify either UPMC-Presbyterian or UPMC-Police Security Services as defendants in the caption; instead, it listed nineteen individuals who appeared to be named as defendants or potential defendants.  Thus, it was impossible to determine whether Plaintiff's pleading was intended to be a new action, an amended complaint or a motion seeking to amend his existing action to assert claims against defendants not previously named.  In addition, because neither of the defendants named in the original complaint were named as defendants in the caption, and because the pleading was otherwise not clear, the Court could not determine whether the pleading related to the same events that were alleged in the original Complaint. Therefore, it denied Plaintiff's motion without prejudice and reiterated that an amended complaint

that attempts to cure the deficiencies highlighted in Judge Cercone's Order as to UPMC-Presbyterian and UPMC-Police Security Services be filed by July 14, 2023. (*Id.*)

One week later, Plaintiff filed another "Motion to Amend Complaint" (ECF No. 37.)  His motion was denied without prejudice on July 7, 2023 (ECF No. 39) for the same reasons stated in the June 30, 2023 Order. (ECF No. 38.)  As stated in that Order: "If Plaintiff seeks to file an amended complaint that names any other individual or entity as a defendant, he must first file a motion seeking leave to amend.  His motion must attach as an exhibit the proposed amended complaint." (ECF No. 39 p. 2.)  Plaintiff was also given detailed instructions about how to prepare an amended complaint.  (*Id.*)

On July 19, 2023, Plaintiff filed another "Motion to Amend Complaint" which includes a caption listing as defendants "UPMC-Presbyterian" and "UPMC-Security Police," along with six newly named defendants who appear to be health care professionals at UPMC-Presbyterian:  John Doe, "Director"; Brittany Khun; George Anthony, M.D.; Anthony Guarracino; Mia Fellows and Donoghue O'Connor ("Health Care Defendants"); and five newly named defendants who appear to be police officers or other public safety officials affiliated with UPMC-Security Police:  John Doe, "Director"; Glenn Brunelle; Norman Hilf; Mohammed Alfatlawi; and Nick Hartman ("Public Safety Defendants")(collectively "Defendants").  (ECF No. 41[2].)  The "Motion to Amend" is in paragraph form and appears to be Plaintiff's attempt both to comply with this Court's previous orders directing him to file an amended complaint and to file a motion seeking leave to amend if the proposed amended complaint names additional defendants.   As such, for purposes of this Report and Recommendation, Plaintiff's filing at ECF No. 42 will be construed both as a motion seeking leave to amend to add new parties and the amended complaint itself.

---

[2] Because certain pages of ECF No. 41 were not scanned, Plaintiff's filing was later re-docketed at ECF No. 42.  For purposes of completeness, the Court will reference the document filed at ECF No. 42.

### B. Relevant Factual Background

Neither the factual allegations nor the legal grounds in the Amended Complaint are entirely clear. (*See generally*, ECF No. 42.) The summary below offers an attempt at organizing Plaintiff's claims.

Plaintiff's claims appear to arise out of an incident that took place at "7536 Short St. in Swissvale [when he] …was assaulted by Shannon L. Grant and Hollen Lingard, [a]nd …taken to the Swissvale police station for more investigation." (ECF No. 42 ¶ 1.)  A review of the exhibits attached to the Amended Complaint, which consist of medical and police records, appear to show that he was transferred by ambulance to UPMC-Presbyterian after the assault where he was treated by the Health Care Defendants (*Id.* ¶¶6, 18, 24-28; Exhibits 1-6.)

In the Amended Complaint, Plaintiff alleges Defendant Fellows, apparently at the direction of Defendant Kuhn, said to "detain" him because he "had a warrant." (ECF No. 42 ¶26.)  He also alleges that while was in the hospital, Defendant Brunelle "stole a jacket" from him. (*Id.* ¶35.)   Throughout the Amended Complaint, Plaintiff "requests review" of various UPMC-Presbyterian and UPMC-Security Police policies and procedures concerning the treatment of patients, how various incident reports are handled by the Health Care Defendants and Public Safety Defendants, and a "review" of his medical records, purportedly to determine the nature of the treatment he received and who may have been present during such treatment. (*See generally* ECF No. 42.)  He also requests "a recommendation of review" of records kept by Defendants Guarracino, Kuhn and Fellows (*Id.* ¶¶16, 18, 26, 28) and "declares" that "MD

George [Anthony] was at [his] bedside" during his treatment, "not the UPMC -Security Police." (*Id.* ¶27.)

The crux of the allegations in the Amended Complaint are against Defendant Brunelle, who Plaintiff accuses of "hiding" Plaintiff's injuries, tampering with records, fabricating evidence and making false statements. (*Id*. ¶¶7-9, 11-15, 18-21, 23,27-28, 30, 33-36 and final paragraph, also numbered 30.) The caption of the Amended Complaint lists four federal statutes: 42 U.S.C. ¶¶ 1981, 1982, 1983 and 1985, none of which are cited again in any paragraph of the Amended Complaint. By liberally interpreting the allegations in the Amended Complaint, Plaintiff appears to be asserting claims for purported civil rights violations against local officials and private contractors and individuals under 42 U.S.C. ¶1983 ("Section 1983), not the other statutes cited in the caption. Thus, the court's analysis focuses on whether Plaintiff has stated claims against any of the defendants under Section 1983.

### C.  <u>Legal Standard</u>

Section 1915 requires courts to screen an IFP complaint and dismiss the action before the complaint is served if the complaint fails to state a claim or is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); and *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). In screening complaints under Section 1915, courts use the same standard that is applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

A complaint is susceptible to dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed under Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007).  The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

Additionally, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Therefore, when screening a complaint, a court must determine whether it has subject matter jurisdiction over the case.  *Mowery v. Wetzel*, 1:19-CV-44, 2019 WL 2931672, at *1 (W.D. Pa. June 11, 2019), *report and recommendation adopted by*, 2019 WL 2929002 (W.D. Pa. July 8, 2019).

Federal courts are courts of limited jurisdiction "defined (within constitutional bounds) by federal statute."  *Badgerow v. Walters*, 142 S.Ct. 1310, 1315 (2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  District courts have jurisdiction over "two main kinds of cases," diversity cases and cases involving a federal question.  *Id.* at 1315–16.  Diversity cases are "suits between citizens of different States as to any matter valued at more than $75,000." *Id.* at 1316 (citing 28 U.S.C. § 1332(a)). Federal question cases are those that arise under federal law.  *Id.* (citing 28 U.S.C. § 1331).  "Typically, an action arises under federal law if that law 'creates the cause of action asserted.'"  *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)).

As Plaintiff is proceeding pro se, the Court construes his factual allegations liberally.  *See Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

D. **Discussion**

Although Plaintiff has asserted claims against UPMC-Presbyterian, UPMC-Security Police Services and 11 individuals affiliated with those entities, his Amended Complaint contains no factual allegations that identify any of the defendants as a state actor within the meaning of Section 1983.

Section 1983 does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a viable Section 1983 claim, a plaintiff must plead "that [h]e was deprived of a federal constitutional or statutory right *by a state actor*." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added).

Generally, "[a]nyone whose conduct is 'fairly attributed to the State' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Conversely, "private actors do not act under color of state law [and] thus are not liable under Section 1983." *Gerhart v. Energy Transfer Partners, L.P.,* 2018 WL 6589586, at *9 (M.D. Pa. Dec. 14, 2018) (quoting *Luck v. Mount Airy #1, LLC,* 901 F. Supp. 2d 547, 560 (M.D. Pa. 2012)).

Whether a private defendant is acting under color of state law depends on "whether there is 'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citing *Leshko v. Servis,* 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). To answer that question, the United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of

the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Id.* (internal quotations omitted).

Based on a review of the Amended Complaint, all of Plaintiff's allegations are against either private organizations - UPMC-Presbyterian and UPMC-Security Police Services – or individuals associated with these organizations. The Amended Complaint fails to include any allegations, even if construed liberally, that support a basis for liability under §1983 because none of the defendants are state actors under any of the three tests outlined by the Third Circuit.  Because none of the defendants are state actors, Plaintiff has failed to state a §1983 claim for which relief can be granted.  *See Jackson v. U.S. et al.*, 15-cv-153, 2018 WL 3209416, at *7 (W.D. Pa. Jan. 26, 2018), *report and recommendation adopted by*, 2018 WL 1406822 (W.D. Pa. Mar. 21, 2018) (recommending dismissal of plaintiff's  Section 1983 constitutional claim "on the basis of the nature of the claim alone," where plaintiff "is challenging the quality of care he received by a private entity," specifically UPMC Mercy); *Ollie v. Lubahn et al.*, 18-cv-72, 2018 WL 10231907, at *4 (W.D. Pa. Oct. 5, 2018), *report and recommendation adopted by*, 2018 WL 10245776 (W.D. Pa. Nov. 9, 2018) (noting the amended complaint failed to cure defects, because plaintiff "has attempted to add two additional non-state actors as defendants: Saint Vincent Medical Center and UPMC Medical Center");  *Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *4 (E.D. Pa. Sep. 17, 2014) (rejecting plaintiff's argument that simply because the "[h]ospital provides security services,"  the hospital security director was state actor and finding that "[p]rivate security guards who lack statutory police power [] are not state actors.").

Plaintiff has failed to state a claim that involves a federal question. While it is unclear if he is attempting to assert any state court claims, there is a lack of diversity of citizenship between the parties. Therefore, while Plaintiff may choose to pursue any such claims in state court, this Court lacks jurisdiction to consider these claims.

Thus, Plaintiff's Amended Complaint should be dismissed.

### E. <u>Futility of Amendment</u>

When dismissing a civil rights case for failure to state a claim, a court must allow a plaintiff to amend a deficient complaint, regardless of whether the plaintiff requests to do so, unless doing so would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citation omitted).

Plaintiff's original Complaint was previously dismissed with prejudice against two of the four original defendants and without prejudice with respect to UPMC-Presbyterian and UPMC-Security Police Services. *See* ECF No. 25. In its Order, the Court indicated that a failure to cure the deficiencies in the Complaint will result in the dismissal of the action. (*Id.*) Plaintiff was later provided an extension of time to amend his complaint and given specific instructions about how to do so. *See* ECF No. 39. Not only has Plaintiff failed to follow many of these instructions, but more significantly, his Amended Complaint is fatally deficient to state a §1983 claim as the named defendants are not state actors. Thus, allowing him a further opportunity to amend his federal claims would be futile. *Farrow v. PA Dep't of Educ.*, 2:16-CV-01360, 2016 WL 7647629, at *3 (W.D. Pa. Dec. 14, 2016), *report and recommendation adopted by*, 2017 WL 65839 (W.D. Pa.

Jan. 5, 2017).  And with respect to any state court claims that he may be attempting to pursue, the Court lacks jurisdiction to consider these claims.

### F.  Conclusion

For these reasons, it is respectfully recommended that the Court dismiss Plaintiff's Amended Complaint under the screening provisions of 28 U.S.C. § 1915.

### G.  Notice

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: August 2, 2023                              s/ Patricia L Dodge
                                                   PATRICIA L. DODGE
                                                   United States Magistrate Judge